FILED - GR
June 21, 2019 1:46 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: clw SCANNED BY

**PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| UNITED STATES DISTRICT COURT | District WESTERN | 2:19-cv-120 |
|---|---|---|
| MICAH ISHONE QUINN | Docket or Case No.: | Gordon J. Quist - U.S. District Judge<br>Maarten Vermaat - U.S. Magistrate Judge |

| X Ionia Correctional Facility | Prisoner No.: # 948357 |
|---|---|
| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody) |
| MICAH ISHONE QUINN    v. | ✝ JOHN DAVIS, WARDEN |
| The Attorney General of the State of Michigan | |

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging

Muskegon County Circuit Court

| (b) Criminal docket or case number: | 14-064748-FC |
|---|---|
| 2. Date of judgment of conviction: | January 21, 2017 |

3. Identify all counts and crimes for which you were convicted and sentenced in this case

The Petitioner appeals as of right his jury trial convictions of armed robbery, MCL 750.529, unlawful imprisonment, MCL 750.349b, and two counts of possession of a firearm during the commission of a felony ("felony-firearm"), MCL 750.227b.

4. Length of sentence for each count or crime for which you were convicted in this case

He was sentenced to 21 to 40 years' imprisonment for his armed robbery convictions, 10 to 15 years' imprisonment for his unlawful imprisonment conviction, and two years' imprisonment for each of the felony-firearm convictions.

5. (a) What was your plea?    N/A

| Not guilty | X |
| Guilty | ☐ |
| Nolo contendere (no contest) | |

(b) If you entered a guilty plea to one count or charge, and a not guilty plea to another count or charge, give details:

6. If you went to trial, what kind of trial did you have? (Check one)
   (a) Jury
   (b) Judge only

7. Did you testify at the trial?  Yes  No ☐

8. Did you file a direct appeal to the Michigan Court of Appeals from the judgment of conviction?  Yes  X  No ☐

9. If you did appeal, answer the following:

   (a) Date you filed: After November 03, 2015 the final order.  Within the Time Prescribed.

   (b) Docket or case number: 326738

   (c) Result: The Court of Appeals Denied his Application for leave to Appeal

   (d) Date of result: July 14, 2016

Grounds raised:

**GROUD ONE**: THE DEFENDANT WAS DENIED DUE PROCESS AND A FAIR TRIAL BY PETITIONER'S IDENTIFICATION BY THE COMPLAINING WITNESS COURT AFTER THE COMPLAINT VIEWED MR. QUINN'S PICTURE IN THE PAPER IDENTIFYING HIM AS A PERSON ARRESTED IN CONNECTION WITH THIS CASE

**GROUND TWO**: THE DEFENDANT IS ENTITLED TO A NEW TRIAL AS HE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL

**GROUND THREE**: THE DEFENDANT IS ENTITLED TO BE RESENTENCED BECAUSE THE FACTS IN SUPPORT OF SOME OF HIS OFFENSE VARIABLE SCORES WERE NOT FOUND BY THE JURY TO BE PROVEN BEYOND A REASONABLE DOUBT, HE WAS SENTENCED PRIOR TO JULY 29, 2015, AND THE SIXTH AMENDMENT VIOLATION ALTERED THE GUIDELINE RANGE

Please submit, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.

(g) Did you seek further review of the decision on appeal by the Michigan Supreme Court?  Yes X  No ☐

If yes, answer the following:

| (1) Date you filed: | Within the Time Prescribed. |
|---|---|
| (2) Docket or case number: | 157014 |
| (3) Result: | Denied because we are not persuaded that the questions presented should be reviewed by this Court |
| (4) Date of result: | May 1, 2018 |

Grounds Raised:

**GROUD ONE**: THE DEFENDANT WAS DENIED DUE PROCESS AND A FAIR TRIAL BY PETITIONER'S IDENTIFICATION BY THE COMPLAINING WITNESS COURT AFTER THE COMPLAINT VIEWED MR. QUINN'S PICTURE IN THE PAPER IDENTIFYING HIM AS A PERSON ARRESTED IN CONNECTION WITH THIS CASE

**GROUND TWO**: THE DEFENDANT IS ENTITLED TO A NEW TRIAL AS HE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL

**GROUND THREE**: THE DEFENDANT IS ENTITLED TO BE RESENTENCED BECAUSE THE FACTS IN SUPPORT OF SOME OF HIS OFFENSE VARIABLE SCORES WERE NOT FOUND BY THE JURY TO BE PROVEN BEYOND A REASONABLE DOUBT, HE WAS SENTENCED PRIOR TO JULY 29, 2015, AND THE SIXTH AMENDMENT VIOLATION ALTERED THE GUIDELINE RANGE

| (h) Did you file a petition for certiorari in the United States Supreme Court? | Yes ☐   No ☒ |
|---|---|
| If yes, answer the following: | |
| (1) Date you filed: | |
| (2) Docket or case number: | |
| (3) Result: | |
| (4) Date of result: | |

Grounds Raised:

N/A

| 10. Did you file a motion for relief from judgment pursuant to Subchapter 6.500 of the Michigan Court Rules with respect to the judgment of conviction and sentence? | Yes ☐  No ☒ |
|---|---|

11. If your answer to 10 was "yes," give the following information:

| (a) (1) Date you filed: | |
|---|---|

| | |
|---|---|
| (2) Name of court: | |
| (3) Docket or case number: | |

Grounds Raised:

N/A

| | | | |
|---|---|---|---|
| (5) Did you receive a hearing where evidence was given on your motion? | Yes ☐ | No ☐ |
| (6) Result: | |
| (6) Date of result: | |

**Please submit, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(b) If you sought further review of the decision in the Michigan Court of Appeals, please answer the following:

| | |
|---|---|
| (1) Date you filed: | |
| (2) Docket or case number: | |
| (3) Result: | |
| (4) Date of result: | |

Grounds Raised:

N/A

**Please submit, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(c) If you sought further review of the decision in the Michigan Supreme Court, please answer the following:

| | |
|---|---|
| (1) Date you filed: | |
| (2) Docket or case number: | |
| (3) Result: | |
| (4) Date of result: | |

Grounds Raised:

N/A

**Please submit, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

| 12. | Other than a direct appeal or a motion for relief from judgment, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal? | Yes ☐ | No ☒ |

13. If your answer to 12 was "yes," give the following information: [Attach additional sheets of paper, if necessary, to answer the following for each petition, application, or motion you filed.

(a) (1) Date you filed:
    (2) Name of court:
    (2) Docket or case number:
    (3) Nature of the proceeding:

Grounds Raised:

N/A

(5) Did you receive a hearing where evidence was given on your motion? Yes ☐ No ☒
(6) Result:
(7) Date of result:

**Please submit, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(b) Did you appeal to the highest court having jurisdiction the result of action taken on any petition, application or motion?
If yes, answer the following:
    (1) Date you filed:
    (2) Name of court:
    (3) Result:
    (4) Date of result and case

Grounds Raised:

N/A

**Please submit, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(c) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

14. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUD ONE**: THE DEFENDANT WAS DENIED DUE PROCESS AND A FAIR TRIAL BY PETITIONER'S IDENTIFICATION BY THE COMPLAINING WITNESS COURT AFTER THE COMPLAINT VIEWED MR. QUINN'S PICTURE IN THE PAPER IDENTIFYING HIM AS A PERSON ARRESTED IN CONNECTION WITH THIS CASE

The Petitioner argues that Ferguson's identification of him after seeing his picture in the newspaper constitutes an unnecessarily suggestive identification procedure that tainted Ferguson's subsequent identifications of defendant at the preliminary examination and at trial and that: (1) error occurred, (2) the error was plain, i.e., clear or obvious and (3) the plain error affected substantial rights, i.e., that the error affected the outcome of the state court proceedings. As such, an identification procedure that is unnecessarily suggestive and conducive to irreparable misidentification constitutes a denial of due process.

The facts and laws in support of this issue are fully set forth in the petitioner's memorandum of law which incorporated them by reference therein.

**Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? Yes [X] No [ ]

(2) If you did not raise this issue in your direct appeal, explain why: **N/A**

**GROUND TWO**: THE DEFENDANT IS ENTITLED TO A NEW TRIAL AS HE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL

The Petitioner argues that trial counsel was ineffective for failing to bring a motion to suppress the pretrial identification, failing to bring a motion to suppress his confession, and for failing to ask certain questions at trial and to call alibi witnesses. Because no Ginther hearing was conducted, in order to establish ineffective assistance of counsel, a defendant must show that his attorney's performance fell below an objective standard of reasonableness and this performance so prejudiced him that he was deprived of a fair trial. In order to establish prejudice a defendant must establish that there is a reasonable probability that the outcome would have been different but for counsel's errors.

The facts and laws in support of this issue are fully set forth in the petitioner's memorandum of law which incorporated them by reference therein.

**Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? Yes [X] No [ ]

(2) If you did not raise this issue in your direct appeal, explain why: **N/A**

6

**GROUND THREE**: THE DEFENDANT IS ENTITLED TO BE RESENTENCED BECAUSE THE FACTS IN SUPPORT OF SOME OF HIS OFFENSE VARIABLE SCORES WERE NOT FOUND BY THE JURY TO BE PROVEN BEYOND A REASONABLE DOUBT, HE WAS SENTENCED PRIOR TO JULY 29, 2015, AND THE SIXTH AMENDMENT VIOLATION ALTERED THE GUIDELINE RANGE

The Petitioner argues that he is entitled to resentencing under *People v Lockridge 498 Mich 358, 364 & 391 (2015)* because the trial court engaged in impermissible judicial fact finding in scoring OVs 3, 4, 7, and 13. The core holding of *Lockridge* is that the sentencing guidelines are unconstitutional to the extent that they require judicial fact finding beyond facts admitted by the defendant or found by the jury to score offense variables and that they mandatorily increase the floor of the guidelines minimum sentence range. To remedy this constitutional violation in Michigan the State severed MCL 769.34(2) to the extent that it makes the guidelines mandatory. Clearly, the Petitioner's minimum sentence range was altered by this Sixth Amendment violation and the Petitioner was entitled to a *U.S. v Crosby 397 F3d 103, 117-20 (2nd Cir 2005)* remand for a determination of whether resentencing is appropriate in order to undertake a proper application of the plain and harmless error doctrines on whether the scoring OVs 3, 4, 7, and 13 was in violation of the Sixth Amendment under *Alleyne v United States 570 US 99; 133 SC 2151 (2013)*. See *People v Lockridge supra 498 Mich at 395-99* and *People v Stokes 312 Mich App 181, 198-99 (2015)*.

   The facts and laws in support of this issue are fully set forth in the petitioner's memorandum of law which incorporated them by reference therein.

**Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? Yes [X] No [ ]

(2) If you did not raise this issue in your direct appeal, explain why: **N/A**

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in a motion for relief from judgment pursuant to Subchapter 6.500 of the Michigan Court Rules?
Yes [ ] No [X]

(2) If your answer to Question (d)(1) is "Yes," state:

Date motion was filed:

Name and location of the court where the motion was filed:

Docket or case number:

Result (attach a copy of the court's opinion and order, if available): **N/A**

Date of result:

(3) Did you receive a hearing on your motion? Yes [ ] No [ ]

(4) Did you appeal from the denial of your motion? Yes [ ] No [ ]

7

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? Yes ☐ No ☐

If yes, answer the following:

Date you filed:

Name and location of court:

Docket or case number:

Result (attach a copy of the court's opinion and order, if available): **N/A**

Date of result:

(d) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: **N/A**

(e) If you did not exhaust your state remedies on Ground One, explain why: **N/A**

15. Have you previously filed any type of petition, application or motion in a federal court regarding the conviction that you challenge in this petition? Yes ☐ No **X**

If "Yes" state the date of filing, the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available:

16. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, as to the judgment you are challenging? Yes ☐ No **X**

If "Yes," state the date of filing, the name and location of the court, the docket or case number, the type of proceeding, and the issues raised:

17. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: **D/K AT THIS TIME**

(b) At arraignment and plea Hearing: **D/K AT THIS TIME**

(c) At trial: **D/K AT THIS TIME**

(d) At sentencing: **D/K AT THIS TIME**

(e) On appeal: Lee A. Somerville P41168; PO Box 40250; Redford, Michigan 48240-0250; 313-387-7861

(f) In any post-conviction proceeding: **N/A**

(g) On appeal from any adverse ruling in a post-conviction proceeding: **N/A**

18. Do you have any future sentence to serve after you complete the sentence imposed by the judgment you are challenging?

Yes ☐   No **X**

(a) If so, give the name and location of court which imposed the sentence to be served in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the above sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?

Yes ☐   No **X**

19. **TIMELINESS OF PETITION:** If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant him or her the relief to which he may be entitled in this proceeding.

**DECLARATION OF SERVICE**

The petitioner certify under 28 USC 1746 that a copy of this document was served to all parties by U.S. Mail.

**SUBMITTED BY:**

_/s/ signature_

MICAH ISHONE QUINN #948357

DATED: 6/18/19 , 2018 2019

Micah Ishone Quinn #948357
Alger Correctional Facility
N6141 Industrial Park Drive
Munising, MI 49862

Clerk
U.S.
Western
110 M
Grand

Micah Ishone Quinn #948357
Alger Correctional Facility



of The Court
District Court
District of Michigan
ichigan NW
Rapids, Michigan 49503